NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0455n.06

No. 16-4008

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 03, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| T. SHAWN YARBER, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GIBBONS, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. T. Shawn Yarber appeals his below-Guidelines sentence for various drug and gun convictions. We reject his argument and affirm.

In May 2016, Yarber pleaded guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and § 846; five counts of use of a communication facility to facilitate a felony in violation of 21 U.S.C. § 843(b); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). As part of his plea agreement, Yarber admitted that he was responsible for the distribution of between one and three kilograms of heroin during the conspiracy. Yarber's presentence investigation report calculated that his base offense level was 30 under the Sentencing Guidelines. The report recommended two enhancements—one for possession of a firearm in the commission of a felony, the other for Yarber's status as a career offender under § 4B1.1(b)(1)—resulting in an adjusted offense level

of 34. Yarber's criminal history category was VI, which gave him a Guidelines range of 262 to 327 months' imprisonment.

At sentencing, Yarber argued that he was a mid-level participant in the conspiracy, while the Government contended that he was "a higher-level participant. . . with a terrible past criminal history." The court adopted the government's view. In doing so, the court referred to a chart that the government had apparently given to the court but not to Yarber. The chart itself lists each participant indicted in the conspiracy and their respective roles in it. The chart characterizes Yarber as a wholesale heroin trafficker, which appears to be a less-responsible role than those of defendant Jermaine King (the "Head of organization") and Rayshone Mitchell ("Large scale heroin trafficker"), but more responsible than the other roles listed on the chart (such as "Mid level heroin trafficker" and "courier"). Yarber's name was the third on the list, which apparently led the court to think that he was ranked third in the conspiracy. But the court said that the putative ranking was not important to its determination of Yarber's sentence. The court sentenced Yarber to 210 months' imprisonment. This appeal followed.

Yarber argues that that the district court violated his due process rights and Federal Rule of Criminal Procedure 32 when it relied on evidence that had not been disclosed to him— namely, the conspiracy chart. Yarber did not object to the court's reference to the chart during his sentencing hearing. Hence we review his argument only for plain error. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008). Under that standard, Yarber must show (among other things) that the alleged error affected his substantial rights, *i.e.*, that it "affected the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

To make that showing, Yarber must show that the district court's reliance on the chart increased his sentence. To that end, Yarber argues that the chart unfairly characterized him as a

"wholesale heroin trafficker" instead of a mid-level participant. But Yarber admitted in his plea colloquy that he was responsible for between one and three kilograms of heroin. Those are indisputably wholesale quantities. Moreover, the chart was "of the same character, allow[ed] the same inferences, and, most importantly, [was] subject to the same arguments in rebuttal as evidence in the record of which [Yarber was] already aware." *See United States v. Meeker*, 411 F.3d 736, 743 (6th Cir. 2005). The chart's characterization of Yarber as a wholesale distributor therefore did not affect Yarber's substantial rights.

Yarber also contends that the chart led the court to think he was ranked third in the conspiracy. The court indeed said as much, but less clear is that the ranking made any difference to Yarber's sentence. Instead, the court itself emphasized that "[w]hether you are number three or number four or number two really doesn't matter. You are up there in this pyramid, this conspiracy pyramid." And the record otherwise makes clear that Yarber's drug quantity and his extensive criminal record were the bases for his sentence, which itself was 52 months below his Guidelines range. Thus, the chart did not "affect the district court's selection of the sentence imposed." *See United States v. Alford*, 436 F.3d 677, 682 (6th Cir. 2006). There was no plain error.

The district court's judgment is affirmed.